

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**September 30, 2025 08:56**

By: THERESA M. BARNES 0097897

Confirmation Nbr. 3630107

TONI P. BURNS                                          CV 25 125513

vs.
                                                       **Judge:** JEFFREY P. SAFFOLD
STRAIGHT THROUGH LOGISTICS, INC., ET AL.

**Pages Filed:** 10

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **TONI P. BURNS**<br>28545 Bishop Park Drive, A108<br>Cleveland, Ohio 44092<br><br>*Plaintiff,*<br><br>vs.<br><br>**STRAIGHT THROUGH LOGISTICS, INC.**<br>c/o Andrius Gudavicius,<br>statutory agent<br>920 State St. 2S<br>Lemont, IL 60439<br><br>    Also Serve:<br>    Straight Through Logistics, Inc.<br>    5312 W. 124th Street<br>    Alsip, IL 60803<br><br>-and-<br><br>**DMITRIY KHAN**<br>8117 Singletary St. #1<br>Panama City Beach, FL 32407<br><br>*Defendants.* | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT**<br><br>*(Jury Demand Endorsed Hereon)* |

NOW COMES Plaintiff Toni Burns ("Plaintiff"), by and through counsel, and for her Complaint against Defendants states and alleges as follows:

**PARTIES**

1. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

2. At all times relevant herein, Defendant Straight Through Logistics, Inc. (hereinafter "Straight Through") was and is registered with the Federal Motor Carrier Safety Administration for interstate transportation of, among other things, general freight,

       metal sheets/coils/rolls, fresh produce, meat, US mail, commodities dry bulk, refrigerated food, beverages, and paper products, with a USDOT number of 2473365.

3. At all times relevant herein, Defendant Straight Through was and remains a for-profit corporation or other business entity organized and existing under the laws of the State of Illinois with a designated agent as indicated in the caption above for purposes of service of this complaint pursuant to 49 C.F.R. §366.

4. At all times relevant, Defendant Straight Through was and is engaged in and doing business in Ohio and including in Cuyahoga County, which is where all or a substantial part of the events, omissions, and activities giving rise to Plaintiff's claims occurred or were conducted as more fully described below.

5. At all times relevant herein, Defendant Dmitriy Khan (hereinafter "Khan") was a resident of Bay County, Florida, and was an employee and/or agent of Defendant Straight Through, was acting within the course and scope of that employment and/or agency, and was operating a semi-tractor (*i.e.*, commercial motor vehicle) that was owned, leased, operated and/or controlled by Defendant Straight Through.

6. At all times relevant herein, Defendants transacted business, entered into contractual relations, engaged in tortious conduct, caused tortious injury, and otherwise established minimum contacts in the State of Ohio.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Defendants and this claim under Ohio law, including without limitation, Ohio Revised Code section 2307.382.

8. Venue is proper in Cuyahoga County pursuant to Ohio Civil Procedure Rule 3(C)(3) and/or (C)(6) because this is the county where Defendants conducted activity that gave

rise to the claim for relief; all or part of the claim for relief arose; all or part of the events or omissions giving rise to Plaintiff's claims occurred; and/or Defendants are engaged in business and/or employment.

## COUNT ONE

9. Plaintiff incorporates, restates and re-alleges each and every other paragraph as if fully rewritten herein.

10. On or about February 14, 2025, Plaintiff was operating a private passenger vehicle and traveling southbound on Ivanhoe Road at the intersection of Yorick Avenue in Cleveland, County of Cuyahoga, Ohio.

11. At that same time and place, Defendant Khan as an employee and/or agent of Defendant Straight Through was also operating a semi-tractor (*i.e.*, commercial motor vehicle) southbound on Ivanhoe Road at the intersection of Yorick Avenue in Cleveland, County of Cuyahoga, Ohio and negligently operated that vehicle when he made an improper right turn from the second lane, causing him to violently crash into Plaintiff's vehicle. As a result of Defendant Khan's negligence, Plaintiff sustained the injuries, damages, harms and losses more fully described herein.

12. The negligence of Defendant Khan includes, without limitation: failing to drive within marked lanes; failing to yield to the right-of-way; failing to maintain reasonable control of a motor vehicle; operating a motor vehicle in an unsafe, erratic, careless, aggressive, negligent manner; failing to pay attention and maintain a proper lookout; failing to devote full time and attention to driving; and Defendant Khan was otherwise negligent.

13. One or more of Defendant Khan's actions, omissions and failures violated numerous federal and state laws, statutes, and regulations designated and intended to promote

3

safety, including but not limited to, those set forth in the Federal Motor Carrier Safety Regulations and those set forth in 49 C.F.R. §§350-399 (including, without limitation, 49 C.F.R. §§392.3 and 49 C.F.R. §§392.80 and, 392.81), O.A.C. 4901:2-5-02 through 4901:2-5-14; and/or ORC § 4511.21(A), and other federal and state laws, statutes and regulations, and Defendant Khan was otherwise negligent *per se*.

14. This incident and Plaintiff's injuries and damages would not have occurred in the ordinary course of events if Defendant Khan had exercised ordinary care.

15. At all times relevant herein, Defendant Khan was an employee, was an agent of, or was under the direction and control of Defendant Straight Through and was acting within the course, scope and furtherance of that employment or agency such that they are vicariously and/or derivatively responsible for and liable for Defendant Khan's negligence under the doctrine of vicarious liability including *respondeat superior* and principals of agency and are liable for all of Plaintiff's injuries, damages, harms and losses set forth herein.

16. As a direct and proximate result of the negligence of Defendant Khan, Plaintiff sustained serious and long-lasting and/or permanent personal injuries and damages. Some or all of these injuries resulted in physical and emotional trauma, pain, suffering, scarring, discomfort, and/or disability; all of which Defendants are liable for.

17. As a further direct and proximate result of the negligence of Defendant Khan, Plaintiff required (and continues to require) medical care and treatment for which she has incurred (and will continue to incur) expenses for the evaluation, diagnosis, care, and treatment of her injuries; all of which Defendants are liable for.

18. As a further direct and proximate result of the negligence of Defendant Khan, Plaintiff suffered (and will continue to suffer) a loss in the enjoyment of her life and in her ability to live free of pain, discomfort, and disability and has suffered a loss of her ability to perform her usual functions including those involved with daily activities as well as those activities from which she derived pleasure, income, and/or enjoyment; all of which Defendants are liable for.

19. As a further direct and proximate result of the negligence of Defendant Khan, Plaintiff incurred (and will continue to incur) economic losses and out-of-pocket expenses including, but not limited to: property damage to her vehicle, prescription and medical supply expenses and/or charges, and fees and/or expenses related to prosecuting this action; all of which Defendants are liable for.

20. As a further direct and proximate result of the negligence of Defendant Khan as aforesaid and to be otherwise established at trial, Plaintiff has suffered (and will continue to suffer) a loss of income, a loss of or diminished working and earning capacity, and a loss of earning potential and capacity into the future; all of which Defendants are liable for.

21. Plaintiff believes that some or all of her injuries, damages, harms, and losses as stated herein are permanent and/or long lasting and will continue into the indefinite future.

## COUNT TWO

22. Plaintiff incorporates, restates and re-alleges each and every other paragraph as if fully rewritten herein.

5

23. As an interstate motor carrier, Defendant Straight Through is responsible for the acts of driver Defendant Khan and for Plaintiff's injuries, damages, harms, and losses more fully described and set forth in Count One.

24. Additionally, or alternatively, Defendant Straight Through is the registered owner of USDOT number 2473365 that was displayed on the subject semi-tractor and is therefore strictly liable for the acts of Defendant Khan for which there is no defense or exception and is strictly liable for Plaintiff's injuries, damages, harms, and losses more fully described and set forth in Count One.

### COUNT THREE

25. Plaintiff incorporates, restates and re-alleges each and every other paragraph as if fully rewritten herein.

26. Defendant Straight Through was the owner of the commercial motor vehicle that was operated by Defendant Khan at the time and place described in Count One.

27. Plaintiff believes and therefore states that at all times relevant herein, Defendant Straight Through knew or should have known that Defendant Khan was an incompetent and/or unsafe driver, and/or otherwise should not have been permitted to operate this commercial motor vehicle on the date and time this crash occurred.

28. Plaintiff further believes and therefore states that despite the foregoing, Defendant Straight Through negligently provided, furnished, loaned, and/or entrusted this commercial motor vehicle to Defendant Khan, or otherwise negligently permitted him to operate it.

29. Additionally, Defendant Straight Through owed a duty of ordinary care to Plaintiff and all other motorists and passengers who were using the highway system on or about February 14, 2025.

30. It was or should have been reasonably foreseeable to Defendant Straight Through that injuries or deaths were likely to occur on highways if the ordinary duty of due care was violated.

31. Defendant Straight Through had a duty under common law to exercise ordinary care in the hiring, instructing, training, supervising, and retaining of its drivers and other employees and agents, including Defendant Khan, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

32. Defendant Straight Through owed a duty to the public at large, including Plaintiff, to exercise reasonable care in only entrusting its vehicles and equipment to responsible, competent and qualified drivers.

33. In the manner aforementioned and to be otherwise established at trial, Defendant Straight Through failed in the above-mentioned duties and was therefore negligent.

34. As a direct and proximate result of the aforesaid negligence of Defendant Straight Through, Plaintiff suffered and will continue to suffer the injuries, damages, and losses as set forth in Count One such that Defendant Straight Through is liable for all of Plaintiff's injuries, damages, harms and losses more fully described and set forth in Count One.

## COUNT FOUR

35. Plaintiff incorporates, restates and re-alleges each and every other paragraph as if fully rewritten herein.

36. In the manner aforementioned and to be otherwise established at trial, Defendant Straight Through violated numerous federal and state laws, statutes, and regulations designated and intended to promote safety, including but not limited to, those set forth in the Federal Motor Carrier Safety Regulations and those set forth in 49 C.F.R. §§350-399 (including, without limitation, 49 C.F.R. §§392.3 and 49 C.F.R. §§392.80 and, 392.81), O.A.C. 4901:2-5-02 through 4901:2-5-14; and/or ORC § 4511.21(A), and other federal and state laws, statutes. These regulations, statutes and rules were promulgated for the purpose of imposing specific safety obligations intended to protect the safety of a class of persons which includes Plaintiff.

37. Defendant Straight Through was negligent *per se* based on these statutory and regulatory violations.

38. Defendant Straight Through is directly and vicariously liable for the acts, omissions and failures of their employees and agents (including of Defendant Khan) under doctrines of *respondeat superior*, agency, master/servant, loaned servant and borrowed servant and are therefore liable for all of Plaintiff's injuries, damages, harms and losses set forth in Count One.

39. Defendant Straight Through's statutory and regulatory violations directly and proximately caused Plaintiff's injuries, damages, harms and losses more fully described and set forth in Count One and to be otherwise established at trial.

8

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

A. On Count One against Defendant Dmitriy Khan and Defendant Straight Through Logistics, Inc., alternatively, jointly or severally, for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and such further relief as the Court may deem just and proper.

B. On Count Two against Defendant Straight Through Logistics, Inc. for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and such further relief as the Court may deem just and proper.

C. On Count Three against Defendant Straight Through Logistics, Inc. for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and such further relief as the Court may deem just and proper.

D. On Count Four against Defendant Straight Through, Inc. for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and such further relief as the Court may deem just and proper.

E. For costs and such other and further relief as the Court may deem just and proper.

    Respectfully submitted,
    *PLEVIN & GALLUCCI CO., L.P.A.*

*Theresa M. Barnes*
Theresa M. Barnes (0097897)
David R. Grant (0065436)
55 Public Square - Suite 2222
Cleveland, Ohio 44113
Tel: (216) 861-0804  Fax: (216) 861-5322
Email: tbarnes@pglawyer.com
Email: dgrant@pglawyer.com
*Counsel for Plaintiff*

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised herein.

*Theresa M. Barnes*

Counsel for Plaintiff

10